IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN,
MILWAUKEE DIVISION

JESSICA LACEY,

    Plaintiff,

v.

LJ ROSS ASSOCIATES, INC.

    Defendant.

Case No. 2:23-cv-317

## DEFENDANT LJ ROSS ASSOCIATES, INC.'S ANSWER TO COMPLAINT

Defendant LJ Ross Associates, Inc. ("LJ Ross"), for its Answer to Plaintiff's Complaint states:

1. Unless otherwise admitted or qualified, denies each and every allegation of Plaintiff's Complaint.

### NATURE OF THE ACTION

2. As to paragraph 1 of Plaintiff's Complaint, admits only that Plaintiff attempts to assert claims under 15 U.S.C. § 1692 et seq. ("FDCPA") and denies the remaining allegations contained therein. Alleges that to the extent the allegations constitute legal conclusions, no response is required.

3. As to paragraph 2 of Plaintiff's Complaint, admits only that Plaintiff attempts to assert claims under 15 U.S.C. § 1692 et seq. ("FDCPA") and denies the remaining allegations contained therein. Alleges that to the extent the allegations constitute legal conclusions, no response is required.

4. As to paragraph 3 of Plaintiff's Complaint, admits only that Plaintiff attempts to assert claims under 15 U.S.C. § 1692 et seq. ("FDCPA") and denies the remaining allegations contained therein. Alleges that to the extent the allegations constitute legal conclusions, no response is required.

5. As to paragraph 4 of Plaintiff's Complaint, admits only that Plaintiff attempts to assert claims under 15 U.S.C. § 1692 et seq. ("FDCPA") and denies the remaining allegations contained therein. Alleges that to the extent the allegations constitute legal conclusions, no response is required.

## JURISDICTION AND VENUE

6. As to paragraph 5 of Plaintiff's Complaint, alleges that the allegations constitute legal conclusions, to which no response is required.

7. As to paragraph 6 of Plaintiff's Complaint, alleges that the allegations constitute legal conclusions, to which no response is required.

8. As to paragraph 7 of Plaintiff's Complaint, alleges that the allegations constitute legal conclusions, to which no response is required.

9. As to paragraph 8 of Plaintiff's Complaint, alleges that it lacks sufficient knowledge or information regarding Plaintiff's residency to admit or deny the same.

10. As to paragraph 9 of Plaintiff's Complaint, admits only that LJ Ross conducts business in the Eastern District of Wisconsin and alleges that the remaining allegations constitute legal conclusions, to which no response is required.

## PARTIES

11. As to paragraph 10 of Plaintiff's Complaint, admits on information and belief.

12. As to paragraph 11 of Plaintiff's Complaint, alleges that the allegations constitute legal conclusions, to which no response is required.

13. As to paragraph 12 of Plaintiff's Complaint, alleges that the allegations constitute legal conclusions, to which no response is required.

14. As to paragraph 13 of Plaintiff's Complaint, admits that LJ Ross, at times, attempts to collect debts and is a Michigan corporation with its principal place of business located in Jackson, Michigan.

15. As to paragraph 14 of Plaintiff's Complaint, admits that it is licensed in the State of Wisconsin and alleges the exhibit speaks for itself, no response is required. To the extent the allegations constitute legal conclusions, no response is required.

16. As to paragraph 15 of Plaintiff's Complaint, admits that LJ Ross, at times, attempts to collect debts and alleges that the remaining allegations constitute legal conclusions, to which no response is required.

17. As to paragraph 16 of Plaintiff's Complaint, admits that LJ Ross, at times, attempts to collect debts and alleges that the remaining allegations constitute legal conclusions, to which no response is required.

18. As to paragraph 17 of Plaintiff's Complaint, admits that LJ Ross attempted to collect an unpaid account from Plaintiff and alleges that the remaining allegations constitute legal conclusions, to which no response is required.

19. As to paragraph 18 of Plaintiff's Complaint, alleges that the allegations constitute legal conclusions, to which no response is required.

20. As to paragraph 19 of Plaintiff's Complaint, admits that Plaintiff failed to pay the subject debt.

21. As to paragraph 20 of Plaintiff's Complaint, admits that the subject account was placed with LJ Ross for collections.

22. As to paragraph 21 of Plaintiff's Complaint, alleges that it lacks sufficient knowledge or information regarding Plaintiff's purported "dispute" and therefore puts Plaintiff to her strictest burden of proof regarding the same. Further alleges that to the extent the allegations constitute legal conclusions, no response is required.

23. As to paragraph 22 of Plaintiff's Complaint, admits that Plaintiff's counsel notified LJ Ross of his representation and to direct communications to counsel on or about May 9, 2022 and alleges that to the extent the allegations constitute legal conclusions, no response is required.

24. As to paragraph 23 of Plaintiff's Complaint, admits that it retains employees and representatives and alleges that to the extent the allegations constitute legal conclusions, no response is required.

25. As to paragraph 24 of Plaintiff's Complaint, admits that it retains employees and representatives and alleges that to the extent the allegations constitute legal conclusions, no response is required.

26. As to paragraph 25 of Plaintiff's Complaint, alleges that it lacks sufficient knowledge or information on Plaintiff's retention of legal representation.

27. As to paragraph 26 of Plaintiff's Complaint, denies the allegations. Alleges that it, at times, furnishes information to credit reporting bureaus. Admits only that it furnished certain information regarding Plaintiff's account to TransUnion.

28. As to paragraph 27 of Plaintiff's Complaint, alleges that the allegations constitute legal conclusions, to which no response is required.

29. As to paragraph 28 of Plaintiff's Complaint, denies the allegation and alleges that it received a communication from Plaintiff's attorney dated May 5, 2022. Further alleges that the content of the letter speaks for itself, no response is required.

30. As to paragraph 29 of Plaintiff's Complaint, admits it received a letter from Plaintiff's attorney dated May 5, 2022 and alleges the content of the letter speaks for itself, no response is required.

31. As to paragraph 30 of Plaintiff's Complaint, admits receiving the letter dated May 5, 2022 and denies the remaining allegations. Alleges that to the extent the remaining allegations constitute legal conclusions, no response is required.

32. As to paragraph 31 of Plaintiff's Complaint, alleges that the subject letters speak for themselves and further alleges that to the extent the allegations constitute legal conclusions, no response is required.

33. As to paragraph 32 of Plaintiff's Complaint, alleges that it lacks sufficient knowledge or information on Plaintiff obtaining and reviewing a copy of the TransUnion credit report.

34. As to paragraph 33 of Plaintiff's Complaint, denies the allegations and alleges that it does not "report" information, LJ Ross does, at times, furnish information to credit reporting agencies.

35. As to paragraph 34 of Plaintiff's Complaint, alleges the exhibit speaks for itself, no response is required.

36. As to paragraph 35 of Plaintiff's Complaint, alleges the exhibit speaks for itself, no response is required.

37. As to paragraph 36 of Plaintiff's Complaint, alleges that the allegations constitute legal conclusions, to which no response is required.

38. As to paragraph 37 of Plaintiff's Complaint, alleges that the allegations constitute legal conclusions, to which no response is required. Further alleges that it lacks sufficient knowledge or information regarding Plaintiff's alarm, confusion, distress, and negative impact on credit and therefore denies the same and puts Plaintiff to her strictest burden of proof.

39. As to paragraph 38 of Plaintiff's Complaint, alleges that the allegations constitute legal conclusions, to which no response is required.

40. As to paragraph 39 of Plaintiff's Complaint, alleges that the allegations constitute legal conclusions, to which no response is required.

41. As to paragraph 40 of Plaintiff's Complaint, alleges that the allegations constitute legal conclusions, to which no response is required.

42. As to paragraph 41 of Plaintiff's Complaint, alleges that it lacks sufficient knowledge or information regarding Plaintiff's printing the credit report and discussion with their attorney.

43. As to paragraph 42 of Plaintiff's Complaint, alleges that the allegations constitute legal conclusions, to which no response is required.

44. As to paragraph 43 of Plaintiff's Complaint, alleges that the allegations constitute legal conclusions, to which no response is required.

## FIRST CLAIM FOR RELIEF:

### Violation of the FDCPA

1. As to paragraph 1[1] of Plaintiff's Complaint, LJ Ross repeats and realleges the preceding paragraphs as though fully set forth herein.

2. As to paragraph 1 of Plaintiff's Complaint, denies the allegations and alleges that to the extent the allegations constitute legal conclusions, no response is required.

3. As to paragraph 2 of Plaintiff's Complaint, denies the allegations and alleges that to the extent the allegations constitute legal conclusions, no response is required.

4. As to paragraph 3 of Plaintiff's Complaint, denies the allegations and alleges that to the extent the allegations constitute legal conclusions, no response is required.

5. As to paragraph 5 of Plaintiff's Complaint, denies the allegations and alleges that to the extent the allegations constitute legal conclusions, no response is required.

---

[1] On page 5 of the Complaint, Plaintiff mistakenly enumerated paragraph "1" twice.

6. As to paragraph 1[2] of Plaintiff's "Prayer for Relief", LJ Ross denies the allegations and alleges that to the extent the allegations constitute legal conclusions, no response is required.

7. As to paragraph 1 of Plaintiff's "Prayer for Relief", denies the allegations and alleges that to the extent the allegations constitute legal conclusions, no response is required.

8. As to paragraph 2 of Plaintiff's "Prayer for Relief", denies the allegations and alleges that to the extent the allegations constitute legal conclusions, no response is required.

9. As to paragraph 3 of Plaintiff's "Prayer for Relief", denies the allegations and alleges that to the extent the allegations constitute legal conclusions, no response is required.

10. As to paragraph 4 of Plaintiff's "Prayer for Relief", denies the allegations and alleges that to the extent the allegations constitute legal conclusions, no response is required.

**DEFENSES**

1. Plaintiff's Complaint fails to state a claim upon which relief may be granted.

2. Plaintiff's claims may be barred because she lacks Article III standing because she has not suffered an actual, concrete injury.

---

[2] On page 6 of the Complaint under the "Prayer for Relief", Plaintiff mistakenly enumerated paragraph "1" twice.

3. Plaintiff has not suffered any actual damages. However, if such damages do exist, then such actual damage claims are subject to the defense of failure to mitigate.

4. If Plaintiff has suffered any damages, which is denied, such were caused by the acts of others over whom LJ Ross had no control.

5. Plaintiff's claims are barred by the doctrines of waiver and unclean hands.

6. LJ Ross asserts that at all times it acted in good faith.

7. LJ Ross is entitled to recover its attorneys' fees and costs incurred in the defense of this baseless and frivolous action pursuant to Federal Rule of Civil Procedure 11, 28 U.S.C. § 1927, the FDCPA, and the Court's inherent authority.

8. LJ Ross reserves its right to allege other defenses as discovery and investigation proceed.

**WHEREFORE,** Defendant LJ Ross Associates, Inc., requests that Plaintiff take nothing by his pretended cause of action, that Plaintiff's action be dismissed with prejudice and on the merits, and that LJ Ross Associates, Inc. has judgment for its costs and disbursements incurred herein and for such other and further relief as the Court deems just and equitable.

BY: /s/ *Jessica L. Klander*
Attorney for LJ Ross Associates, Inc.

Jessica L. Klander
Bassford Remele, PA
100 South 5th Street, Suite 1500
Minneapolis, Minnesota 55402
Tel. 612-333-3000
Fax 612-746-1260
jklander@bassford.com

## CERTIFICATE OF SERVICE

I hereby certify that on April 5, 2023, I electronically filed the foregoing answer with the Clerk of Court using the CM/ECF system, which shall send notification to all parties of record by operation of the Court's electronic system.

Dated:   April 5, 2023                                          By: /s/ *Jessica L. Klander*